# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIKEA BYERS, GABRIELLE WINANS, KENNETH SMITH, TANISHA MADISON, and WANDA SINKLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNRISE SENIOR LIVING, LLC *et al*.,<br><br>Defendants. | Civil Action No. 2:26-cv-00448-GJP |

## DEFENDANTS' MOTION TO DISMISS
## <u>PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT</u>

Defendants respectfully request that the Court enter an order dismissing Plaintiffs' Amended Class Action Complaint.  As discussed in the accompanying memorandum of law, identical claims regarding the Prudential Guaranteed Income Fund, the 401(k) plan investment option at issue, were recently dismissed by another court for failing to state a claim.  *See Eibensteiner v. EssilorLuxottica USA Inc.*, No. 3:25-CV-2443-X, 2026 WL 1140895 (N.D. Tex. Apr. 27, 2026).  Plaintiffs likewise do not allege a plausible claim that Defendants breached ERISA's duty of prudence because (i) Plaintiffs acknowledge that Defendants did review and monitor the investment option as required under ERISA, and (ii) Plaintiffs remaining factual allegations regarding the future risks and past investment performance of the Prudential Guaranteed Income Fund are insufficient to create an inference that Defendants did not comply with ERISA's duty of prudence.

Plaintiffs' prohibited transaction claim should be dismissed because the activity that they identify is not the type of "transaction" covered by ERISA's prohibited transaction rules   Further, their prohibited transaction claim is time-barred.  The duty of monitor claim similarly should be dismissed because it is derivative of and dependent on Plaintiffs alleging a plausible claim for breach of fiduciary duty, which Plaintiffs failed to do.

Finally, Plaintiffs lack Article III standing to assert claims based on their risk of future insolvency allegations.  Further, as former participants who no longer have any money in the 401(k) plan, Plaintiffs lack standing to pursue prospective and injunctive relief.  These claims should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

<div style="margin-left:50%">

Respectfully submitted,

</div>

Dated: May 14, 2026

<div style="margin-left:50%">

*/s/ Edward J. Meehan*
Edward J. Meehan (PA 42935)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
emeehan@groom.com
Telephone: (202) 857-0620
Fax: (202) 659-4503
*Counsel for Defendants*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2026, I electronically filed the foregoing document and any attachments thereto with the Clerk of the Court using the CM/ECF system, where it is available for viewing and downloading.  The CM/ECF system will send notice of such filing to all counsel of record.

/s/ *Edward J. Meehan*
Edward J. Meehan